| | | |
|---|---|---|
| Launeil Sanders, | ) | **C/A No. 7:10-0256-RBH-WMC** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Peter S. Gilchrist, *Mecklenburg County City Attorney*; Morgan Stanley, *Brokers Registered Agent Morgan Stanley*; Daniel J. Clifton, *Attorney*; Edward L. Booker, Attorney, | ) ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### *Background of this Case*

The plaintiff is a resident of Inman, South Carolina.  The plaintiff has brought

suit against three North Carolina attorneys and an investment company.  The above-

captioned civil rights action alleged arises out of the taking of monies out of the plaintiff's

retirement accounts.  The allegedly illegal and fraudulent withdrawals from the plaintiff's

retirements took place in October of 1990.  These alleged withdrawals were

contemporaneous with divorce and child-support proceedings involving the plaintiff, his wife,

and two then-minor children.[1]  Defendant Clinton represented the plaintiff in the divorce

proceedings and defendant Booker represented the plaintiff's wife.  In his prayer for relief,

the plaintiff seeks a jury trial, various types of damages, and court order directing the

---

[1]The appeal in the North Carolina child support proceedings are referenced at *Gaston County, ex rel. West v. Sanders*, 147 N.C.App. 785, 559 S.E.2d 294 (2001), *cert. denied*, 355 N.C. 348, 562 S.E.2d 279 (2002).

Mecklenburg City Attorney (defendant Gilchrist) to file criminal charges against the three other defendants.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted[2] in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)).

Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The above-captioned case is not maintainable as a civil rights action. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order,

the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[4]

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State

---

[4]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). *See also Auster Oil & Gas Co., Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf. Kreschollek v. Southern Stevedoring Co.*, 223 F.3d 202 (3rd Cir. 2000) (applying holding in *Sullivan* to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action). Hence, defendant Booker's representation of the plaintiff's former spouse and defendant Clinton's allegedly poor representation of the plaintiff do not constitute action under color of state law.[5] Moreover, the alleged collusion of Morgan Stanley with the fraudulent withdrawals does not constitute action under color of state law, even if the withdrawals violated an order issued by a North Carolina Superior Court Judge.

The three North Carolina defendants are not reachable by process issued by this court or under South Carolina's long-arm statute, S.C. Code Ann. § 36-2-801, *et seq. See White v. Stephens*, 300 S.C. 241, 387 S.E.2d 260, 262-64 (1990); *State v. NV Sumatra*

---

[5]It appears that defendant Gilchrist has been named as a defendant solely because the plaintiff wants him to institute criminal charges against the three other defendants.

*Trading Co.*, 379 S.C. 81, 666 S.E.2d 218 (2008); and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288-99 (1980). Hence, this case is distinguishable from *CFA Institute v. Institute of Chartered Financial Analysts of India*, 551 F.3d 285 (4th Cir. 2009) (upholding district court's finding of personal jurisdiction over company headquartered in India under Virginia's long-arm statute).

In this civil rights action, the plaintiff cannot obtain criminal charges against the defendants. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

Since the withdrawals of the funds took place in North Carolina in 1990, North Carolina law applies with respect to any diversity action. The United States District Court for the District of South Carolina, in diversity actions, must follow the choice of law rules of South Carolina. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). South Carolina follows the *lex loci delicti* (law of the place where the tort was committed) rule. *Hughes v.*

*Doe*, 281 S.C. 488, 489, 316 S.E.2d 383, 384 (1984). Hence, North Carolina law applies to this case.

It is readily apparent that the above-captioned case is not timely. The allegedly fraudulent withdrawals from the plaintiff's retirement accounts took place in 1990. The above-captioned case is at least the second untimely action brought by the plaintiff against North Carolina defendants. In the Report and Recommendation filed by the undersigned on March 24, 2008, in *Launeil Sanders v. State of North Carolina, et al.*, Civil Action 7:07-3174-GRA-WMC, the undersigned noted:

> The plaintiff's federal claims are barred by the statute of limitations. The plaintiff's claims are brought pursuant to Section 1983. Because Section 1983 does not explicitly provide its own statute of limitations, the court is to look at the personal injury statute of limitations from the relevant state, since Section 1983 claims are best characterized as personal injury actions. *Owens v. Okure*, 488 U.S. 235, 240-41 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Although the limitation period is borrowed from state law, the question of when a cause of action accrues under Section 1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)).
>
> The North Carolina statute of limitations for personal injuries is three years. *See* N.C. Gen. Stat. § 52(16). In his complaint, the plaintiff makes no allegation that the defendants or their agents deprived him of a federally protected right with the three years prior to his complaint. The facts at issue in this case have been known to the plaintiff since 1998, when the child support arrearage was reduced to a judgment that became a lien against his real property (Gaston County m. to dismiss, ex. A). Accordingly, the plaintiff's federal claims against defendants are barred by the applicable statute of limitations and should be dismissed. Should the complaint be construed to allege state law claims, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims. See 28 U.S.C. § 1367(c).

(Report and Recommendation filed on March 24, 2008, in *Launeil Sanders v. State of North Carolina, et al.*, Civil Action 7:07-3174-GRA-WMC, at pages 3-4).[6] Judge Anderson's Order is reported at *Sanders v. North Carolina*, Civil Action 7:07-3174-GRA-WMC, 2008 U.S. Dist. LEXIS 34013, 2008 WL 1868328 (D.S.C., April 24, 2008). The above-captioned case suffers a similar defect — it was filed sixteen years too late.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), *citing Todd v. Baskerville*, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete

---

[6]The plaintiff filed timely written objections to the Report and Recommendation in Civil Action 7:07-3174-GRA-WMC. On April 24, 2008, the Honorable G. Ross Anderson, Jr., United States District Judge, adopted the Report and Recommendation, and granted summary judgment to the defendants. The plaintiff's appeal (Fourth Circuit Docket No. 08-1499 ) was not successful. On November 25, 2008, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court. *Sanders v. North Carolina*, No. 08-1499, 302 Fed.Appx. 222, 2008 U.S. App. LEXIS 25962, 2008 WL 5077071 (4th Cir., Nov. 25, 2008). The Supreme Court of the United States later denied the petitioner's request to direct the Clerk of the Supreme Court to file his petition for writ of certiorari out of time. *Sanders v. North Carolina*, No. 09M19, ___ U.S. ___, 175 L.Ed.2d 15, 130 S.Ct. 353 (U.S., Oct. 5, 2009) ("Motion to direct the Clerk to file a petition for writ of certiorari out of time denied.").

affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.")(citation omitted).


### Recommendation

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.


February 10, 2010                          s/William M. Catoe
Greenville, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).