IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Launeil Sanders, | ) | Civil Action No.: 7:10-cv-00256-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Peter S. Gilchrist, Mecklenburg County | ) | |
| City Attorney; Morgan Stanley, Brokers | ) | |
| Registered Agent Morgan Stanley; | ) | |
| Daniel J. Clifton, Attorney; and | ) | |
| Edward L. Booker, Attorney; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff

currently resides in Inman, South Carolina. This matter is now before the court with the [Docket

Entry 11] Report and Recommendation of United States Magistrate Judge William M. Catoe[1]

filed on February 10, 2010. Also before the court is Plaintiff's [Docket Entry 13] Motion to

Transfer Case filed on February 22, 2010.

The Magistrate Judge entered his Report on February 10, 2010. In his Report, he

recommended that the court should summarily dismiss the above-captioned case without

prejudice and without issuance and service of process. Report at 10. The deadline for filing

objections to the Report was April 1, 2010.[2] Plaintiff did not file objections to the Magistrate

---

[1] This matter was referred to Magistrate Judge Catoe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[2] Specific written objections must be filed within fourteen (14) days of the date of service of a report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). The court mailed Plaintiff a copy of the Report on February 11, 2010. *See* [Docket Entry 12].

Judge's Report. However, on February 22, 2010, Plaintiff filed his motion to transfer the case to the Western District of North Carolina.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the case at bar, neither Plaintiff nor Defendants filed any objections to the Magistrate Judge's Report and Recommendation. After a thorough review of the record in this case, the court finds no clear error. *See Diamond*, 416 F.3d at 315. Accordingly, the court adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Moreover,

Plaintiff's motion to transfer is rendered moot by this Order, which dismisses Plaintiff's complaint without prejudice.[3]

Therefore, it is

**ORDERED** that the above-captioned case is dismissed without prejudice and without issuance and service of process. Additionally, Plaintiff's pending motion to transfer the case is moot.

**IT IS SO ORDERED.**


    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 7, 2010
Florence, South Carolina

---

[3]    Plaintiff's motion states the following verbatim: "Motion for leave from court to file in U.S. District Court, Western District of North Carolina, Charlotte Division where case has previously ben [sic] filed[.]" Motion at 1. Because Plaintiff's complaint is being dismissed without prejudice, this court's Order should not preclude Plaintiff from re-filing his complaint elsewhere if he so desires.